[L. A. No. 3204.   In Bank.—October 9, 1915.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent, v. CALIFORNIA DEVELOPMENT COMPANY et al., Defendants; SOUTHERN PACIFIC COMPANY et al., Defendants and Appellants; NEW LIVERPOOL SALT COMPANY, Cross-complainant and Respondent; BOAZ DUNCAN, Intervener and Respondent; W. H. HOLABIRD, Receiver, Respondent.

EQUITABLE LIEN—FORECLOSURE—PROPERTY IN FOREIGN JURISDICTION—INJUNCTION.—Order granting a temporary injunction affirmed on the authority of *Title Insurance & Trust Co.* v. *California Development Co., ante,* p. 173.

APPEAL from an order of the Superior Court of Los Angeles County granting a temporary injunction. Walter Bordwell, Judge.

The facts are stated in the opinion of the court, and in the opinion in *Title Insurance & Trust Co.* v. *California Development Co., ante,* p. 173.

CLXXI Cal.—15

Eugene S. Ives, Irving M. Walker, and Joseph H. Call, for Appellants.

O'Melveny, Stevens & Millikin, Lee C. Gates, and Walter K. Tuller, for Plaintiff and Respondent.

Page, McCutchen & Knight, and Page, McCutchen, Knight & Olney, for Respondent New Liverpool Salt Company.

Valentine & Newby, for Intervener and Respondent.

W. B. Mathews, and S. B. Robinson, for Receiver.

SLOSS, J.—Our opinion, disposing of the appeals of the Southern Pacific Company and the New Mexican company from the final judgment and from certain orders of the court below, entered in the above-entitled action, has just been filed. (*Title Insurance & Trust Co.* v. *California Development Co. et al.* (L. A. No. 3848), *ante,* p. 173, [152 Pac. 542].)

In that opinion we discussed the propriety of those portions of the decree enjoining the appellants from the commission of certain acts with reference to properties in Mexico, and concluded that the portions of the decree embodying such injunction should stand.

The appeals now before us are taken by the same parties from a temporary injunction issued by the court below during the pendency of the action, and enjoining them and the Mexican company from doing the same acts subsequently restrained by the final decree.

The grounds of attack upon these orders are identical with those directed against the validity of the above-mentioned parts of the decree. For the reasons stated in the opinion in the main case, we must hold that there is no merit in the present appeals.

The order appealed from is affirmed.

Shaw, J., Lorigan, J., Melvin, J., and Angellotti, C. J., concurred.